IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|||
|---|---|
| IN RE: | * |
| | * |
| | *   MDL Docket No. 1388 |
| CRUCIFEROUS SPROUT | * |
| PATENT LITIGATION | * |
| | ****** |

**MEMORANDUM**

    Plaintiffs initiated this action alleging that Defendant Sunrise Farm, which is owned and operated by Defendants Frank and Becky Crikelair, was infringing on certain patents related to the production, sale, and use of sprouts grown from cruciferous seeds.  Defendants answered the Complaint asserting numerous affirmative defenses, along with counterclaims based upon "Intervening Rights" and "Failure to Conduct a Reasonable Pretrial Investigation."  Plaintiffs timely filed their motion to strike the affirmative defenses and to dismiss the counterclaims (Paper No. 21 in Civil Action No. WMN-01-446), but the resolution of that motion was stayed pending the litigation of the validity of the Plaintiffs' patents.

    In August of 2001, this Court issued a memorandum and order holding that Plaintiffs' patents-in-suit were invalid and dismissing Plaintiffs' claims.  That decision has been

affirmed by the Federal Circuit Court of Appeals, and the United States Supreme Court has denied Plaintiffs' petition for certiorari.  After allowing supplemental briefing on Plaintiffs' motion to strike and to dismiss, the Court now turns its attention to this motion.

The parties agree that most of the affirmative defenses, as well as Defendants' counterclaim for "Intervening Rights" are moot in light of the Court's dismissal of Plaintiffs' claims.  Defendants contend, however, that their counterclaim for "Failure to Conduct a Reasonable Pretrial Investigation" remains viable, as do several of the affirmative defenses.  These remaining contested "affirmative defenses" all relate to Defendants' claim that Plaintiffs failed to conduct an adequate factual inquiry regarding Defendants' production methods prior to bringing suit.[1]  The Court finds that Plaintiffs' motion should be granted <u>in toto</u>.

Defendants cite no authority supporting the viability of an independent cause of action based upon the failure to conduct reasonable investigation prior to filing a patent

---

[1] These "affirmative defenses" are more in the nature of factual allegations than specific defenses.  For example, in Affirmative Defense XI Defendants simply state, "[u]pon information and belief, the Plaintiffs did not make a reasonable effort to determine the process Sunrise Farms, Inc. actually used and uses in the production of it products."

suit.  The cases that Defendants have cited arise in the context of motions for sanctions under Rule 11 of the Federal Rules of Civil Procedure, see, Defs.' Opp. at 7 (citing View Engineering, Inc. v. Robotic Vision Systems, Inc., 208 F.3d 981 (Fed. Cir. 2000)), or motions for attorneys' fees under 35 U.S.C. § 285.  See Defs.' Supp. Opp. at 3 (citing Eltech Sys. Corp. v. PPG Indus., 903 F.2d 805 (Fed. Cir. 1990)).[2]  While these decisions might support motions filed by Defendants for sanctions for fees in this litigation, they do not support the bringing of an independent cause of action.  Accordingly, the motion to dismiss the counterclaims will be granted.

Similarly, as to the remaining contested "affirmative defenses," the Court finds that, while these factual allegations might support an appropriate motion for sanctions or attorneys' fees, there is no basis for them to stay in this action as defenses.  With the dismissal of Plaintiffs' claims, the need for any defense is mooted.  Accordingly, Plaintiffs' motion to strike

---

[2] Section 285 provides, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."  The court in Eltech found that "unreasonable lawsuits based on uninvestigated allegations" could constitute such exceptional cases.  903 F.2d at 811

will be granted as well.

A separate order will issue.

/s/

William M. Nickerson
Senior United States District Judge

Date: May 28, 2003